United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40640
c/w No. 04-40658
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO HERNANDEZ-GRIMALDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-97-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Hernandez-Grimaldo appeals his sentence following

his guilty-plea conviction for illegal reentry into the United

States.  Hernandez-Grimaldo argues that the district court erred

in sentencing him under a mandatory sentencing guidelines scheme.

He acknowledges that this claim is reviewed for plain error only.

The district court committed error that is plain by

sentencing Hernandez-Grimaldo under a mandatory sentencing

guidelines regime.  See United States v. Mares, 402 F.3d 511,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Nevertheless, Hernandez-Grimaldo has not carried his burden of showing that the district court's error affected his substantial rights. See Valenzuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521. Hernandez-Grimaldo's contention that this error is structural and gives rise to a presumption of prejudice is unavailing. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297); see also United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir. 2005). Hernandez-Grimaldo has not shown that he should receive relief on this claim.

Hernandez-Grimaldo's argument that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional is, as he concedes, foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). See Apprendi v. New Jersey, 530 U.S. 466, 489-490 (2000);

Hernandez-Grimaldo has shown no reversible error in the district court's judgment. Consequently, that judgment is AFFIRMED.